RECEIVED
2011 JAN -5 P 3:02
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**CAPLE FELDER and ORA D. FELDER,** )
Plaintiff, )
)
v. )
)
**CAPITAL ONE,** a foreign corporation, )
**ALLIANCE DATA SYSTEMS, INC.,** )
**d/b/a WORLD FINANCIAL NETWORK** )
**NATIONAL BANK,** a foreign corporation, )
**TRANS UNION, LLC,** a foreign limited )
liability company, **EXPERIAN INFORM-** )
**ATION SOLUTIONS, INC.,** a foreign )
corporation, Defendants. )

Civil Action No.: 2:11-cv-11
**Plaintiffs Demands Jury Trial**

## COMPLAINT

**COMES NOW** the Plaintiffs, by and through undersigned counsel, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* .and violations of the bankruptcy discharge injunction (hereinafter referred to as "the FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County,

Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiffs Caple Felder and Ora Felder (hereinafter referred to as "Plaintiffs") are natural people and residents of Montgomery County, the State of Alabama, and of the United States. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Capital One (hereinafter referred to as "Capital One" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

5. Defendant Alliance Data Systems Inc., d/b/a World Financial Network National Bank, listed on Schedule "F" and Trans Union Credit Report as "WFNNB/Roaman" (hereinafter referred to as "WFNNB" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

6. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

7. Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign incorporation licensed to do business within the state of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the

FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

**Defendants Capital One and WFNNB:**

8. Plaintiffs reincorporates by reference herein paragraphs one (1) through five (7).
9. In 2009, Plaintiffs filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on June 17, 2009. [1]
10. Defendants Capital One and WFNNB were involved in the Plaintiffs' Chapter 7 Bankruptcy. Specifically,
    a. Capital One was listed on the Schedule F as "Cap One" for creditors holding unsecured claim in the amount of $2644.00 respectfully. This debt was discharged through the Bankruptcy. Capital One received notice of the discharge through the BNC.
    b. WFNNB was listed on the Schedule F as "Wfnnb/Roaman" for creditors holding unsecured claim in the amount of $187.00 respectfully. This debt was discharged through the Banckruptcy. WFNNB received notice of the discharge through the BNC.
11. Notwithstanding the aforesaid, Defendants Capital One and WFNNB continue to report Plaintiffs' accounts to one of the three national consumer reporting agency (hereinafter referred to as "Credit Reporting Agency" or "CRA") as having a balance due and payable, rather than reflecting that such were discharged in bankruptcy.

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 09-30570.

a. Capital One reported to Trans Union on August 30, 2008, that Plaintiffs have an outstanding balance with, and remain personally liable to, Capital One for the amounts of $2,768.00. This account balance was still showing as of March 12, 2010, with the description "120 DAYS PAST DUE."

b. Capital One has properly reported to Equifax and Experian and that Plaintiffs no longer have an outstanding balance because of the discharge.

c. WFNNB reported to Experian on February 9, 2009, that Plaintiffs have an outstanding balance with, and remain personally liable to, WFNNB/Roamans for the amount of $215.00. This account balance was still showing as of March 12, 2010, with the description "ACCOUNT DELINQUENT 60 DAYS PAST DUE DATE."

12. Defendants Capital One and WFNNB obtained knowledge of Plaintiff's discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.

13. Notwithstanding that Defendants properly update numerous accounts each month it has intentionally, maliciously and willfully refused to do so with Plaintiffs, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

14. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as

well as the requirements set forth under the FCRA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

15. Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

16. Defendants know that reporting these balances will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

17. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

18. The Plaintiffs have suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant's publication of this adverse credit information.

**Defendant Trans Union and Experian:**

19. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

20. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of its procedures and implement policies to

improve the accuracy of the information it publishes. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

21. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

**COUNT ONE**
**TRANS UNION AND EXPERIAN**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.***

22. Plaintiffs incorporate by reference herein paragraphs one (1) through nineteen (21).

23. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update

and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

d. Invading the privacy of Plaintiffs; and

e. Failing in their duty to prevent foreseeable injury to Plaintiffs.

24. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

25. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

26. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiffs.

27. Plaintiff's have suffered injury to his and her credit report, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.

---

[2] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

**COUNT TWO**
**DEFENDANTS CAPITAL ONE AND WFNNB WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION ATTEMPTING TO COLLECT A DISCHARGED DEBT**

28. Plaintiffs incorporate herein by reference paragraphs one (1) through thirty (27).

29. Defendants have willfully violated the Chapter 7 discharge injunction by attempting to collect a debt that arose prior to and was discharged in Plaintiff's bankruptcy case. More specifically, Defendants assigned, cosigned, or otherwise transferred for the purpose of collection a discharged account subsequent to receiving notice of its discharge.

30. Because Defendants obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., receipt of the BNC Certificate of Service– Meeting of the Creditors and the BNC Certificate of Service– Order of Discharge, Defendants has willfully violated the Chapter 7 bankruptcy injunction. Despite such knowledge, Defendants continues their collection efforts upon the discharged debt.

31. As a result thereof, the Plaintiff's have suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

32. Accordingly, Defendants should be held in contempt and is liable to the Plaintiffs for actual, compensatory and punitive damages, and costs and attorney's fees.

**COUNT THREE**
**DEFENDANTS CAPITAL ONE AND WFNNB WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION CONTINUING TO REPORT DISCHARGED DEBTS ON PLAINTIFF'S CREDIT REPORTS**

33. Plaintiffs incorporate paragraphs one (1) through thirty-five (32) as if fully state herein.

34. Defendants willfully violated the Chapter 7 discharge injunction by reporting to one or more credit reporting agencies, subsequent to its knowledge of the discharge, that the discharged debt had a balance due and owing to Defendants.

35. It is standard protocol in the credit reporting industry that accounts discharged in bankruptcy should be reported as such with a zero balance. The Federal Trade Commission's commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance to reflect that the consumer is no longer personally liable for the discharged debt.

36. Because Defendants obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., the BNC – Meeting of the Creditors and the BNC – Discharge, Defendant has willfully violated the Chapter 7 bankruptcy injunction. Despite such knowledge, Defendants continue its collection efforts upon the discharged debt.

37. Defendant's acts of refusing to update Plaintiff's credit reports to show a zero balance after the Bankruptcy discharge violate the discharge injunction.

38. Defendant's actions of refusing to update Plaintiff's credit reports were designed to coerce payment of the discharged debt.

39. Plaintiffs have suffered injury to their credit report, have been turned down for credit and/or have had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

40. As a result thereof, Plaintiffs have suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

41. Accordingly, Defendants should be held in contempt and is liable to Plaintiffs for actual, compensatory and punitive damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law. Plaintiffs also requests this

Court, on the jury returning a verdict for the Plaintiffs, to assess an attorney fee to be awarded to Plaintiff's attorney.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiffs respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiffs actual damages;

b) Award Plaintiffs punitive damages;

c) Award Plaintiffs statutory damages where applicable;

d) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 5th day of January 2011.

David W. Vickers (VIC004)
*Attorney for Plaintiffs*
**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
dwvickers@vickersandwhitelaw.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**CAPITAL ONE**
c/o President Richard D. Fairbank
15000 Capital One Drive
Richmond, VA 23238

**ALLIANCE DATA SYSTEMS, INC., d/b/a WORLD FINANCIAL NETWORK NATONAL BANK**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104